IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| HAKEEM SHAHEED, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 3:07-cv-679-MJR |
| MICHAEL K. NALLEY, et al., | ) | |
| Defendants. | ) | |

## ORDER

Currently pending before the Court are three motions: Plaintiff's Emergency Motion for Discovery (Doc. 5), Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 48), and Defendants' Motion for an Extension of Time to Answer (Doc. 58).

### EMERGENCY MOTION FOR DISCOVERY

Plaintiff filed this motion on September 28, 2007, just two days after filing the complaint. He seeks an order directing the Bureau of Prisons to identify by name certain defendants who were named in the complaint as John Does. The Court notes that on March 20, 2008, a discovery dispute conference was held during which the parties worked together to achieve proper identification of the still unnamed John Doe defendants. After that conference, the Court issued an order directing the Bureau of Prisons to provide last known addresses of Defendants Davis, Rau, and Lyle to the United States Marshal for service of process (Doc. 31). On May 9, 2008, the Court issued a similar order directing the Bureau of Prisons to provide the last known address of Lieutenant Sample (Doc. 45). A review of the docket indicates that Defendants Lyle and Davis have answered the complaint, as have Defendants Thomas and Shawdoen. Thus, it appears that the parties have made progress, by working together, in identifying the John Doe defendants. The Court recognizes that the parties have cooperated well in dealing with these

party-identification issues and trusts this cooperative relationship will continue. Thus, the Court finds the Emergency Motion for Discovery (Doc. 5) is now **MOOT**.

## MOTION FOR LEAVE TO AMEND THE COMPLAINT

On June 10, 2008, Plaintiff filed a motion for leave to amend the complaint to add a new claim under the Federal Tort Claims Act (Doc. 48). Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave." The Court is directed to freely give leave "when justice so requires." Id. Leave to amend may be denied if there is "undue delay, bad faith, dilatory motive, prejudice, or futility." Guise v. BWM Mortgage, LLC., 377 F.3d 795, 801 (7th Cir. 2004). The Court may also consider whether granting leave to amend would unduly prolong the litigation. See Diersen v. Chicago Car Exhange, 110 F.3d 481, 489 (7th Cir. 1997).

This matter is still in the pleading stages; a few defendants have not yet answered the complaint. Defendants do not oppose the motion to amend, and the Court does not see any evidence of delay, bad faith, dilatory motive, prejudice, or futility, nor does the Court believe that allowing amendment now would unduly prolong the litigation. Accordingly, Plaintiff's Motion for Leave to Amend the Complaint (Doc. 48) is **GRANTED**. Plaintiff shall electronically file the amended complaint on or before July 25, 2008.

## MOTION FOR AN EXTENSION OF TIME TO FILE ANSWER

Defendant Gomez seeks an additional 30 days in which to file his answer to the complaint. This motion (Doc. 58) is **GRANTED**. Defendant Gomez shall file his answer on or before August 15, 2008.

**IT IS SO ORDERED.**
**DATED: July 16, 2008**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**
