# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Hakeem Shaheed, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-679-MJR |
| vs. | ) | |
| | ) | Judge Michael J. Reagan |
| <u>United States of America</u>, Michael K. Nalley, | ) | |
| Regional Director of the North Central Region | ) | |
| of the U.S. Bureau of Prisons, Randy Davis, | ) | |
| Warden of United States Penitentiary Marion, | ) | |
| Associate Warden Rau, Lieutenant Sample, | ) | |
| Lieutenant Barry, Lieutenant Mash, Captain | ) | |
| Gomez, Dr. Lyle, Officer Huckleberry, Officer | ) | |
| Thomas, Officer P. Trovillion, Officers  John | ) | |
| Doe 1-9, Mr. Rivas, Mr. Shawdoen, Physician's | ) | |
| Assistants Castillo and Welch, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>FIRST AMENDED</u> COMPLAINT

### JURISDICTION AND VENUE

1.  The jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a),

<u>and 28 U.S.C. § 1346(b).</u>

### PARTIES

2.  Plaintiff Hakeem Shaheed is a resident of Atlantic City, New Jersey.

3.  <u>Defendant United States of America was the employer of all of the individual</u>

<u>employees in this case.</u>

4.  Defendant Michael K. Nalley was at all times relevant to this case the Regional

Director, North Central Region, for the Federal Bureau of Prisons.

1

5.  Defendants Warden Randy Davis and Associate Warden Rau were at all times relevant to this complaint the Warden and Associate Warden of the United States Penitentiary at Marion.

6.  Defendants Lieutenant Sample, Lieutenant Barry, Lieutenant Mash, Captain Gomez, Dr. Lyle, Officer Huckleberry, Officer Thomas, Officer P. Trovillion, Officers John Doe 1-9, Mr. Rivas, Mr. Shawdoen, Physician's Assistant Welch, Physician's Assistant Castillo were at all relevant times employees and/or agents of the United States government who were employed at the United States Penitentiary in Marion, Illinois.  Plaintiff is currently unaware of the actual names of the John Doe defendants 1-9, who concealed their identities and were persons who were otherwise unknown to him.

7.  Plaintiff has identified some of the John Doe defendants from photo lineups conducted by the agents of the United States government, but the government has so far refused to inform plaintiff of the names of the persons he has identified.  Further, agents of the United States government are in possession of video tapes which would identify some or all of the John Doe defendants, but the government has not made those video tapes available to plaintiff.

8.  <u>Each of the individual defendants in this case was at all relevant times an investigative or law enforcement officer of the United States Government within the meaning of 28 U.S.C. § 2680</u>.

**FACTS**

9.  Hakeem Shaheed is a practicing Muslim who was a prisoner at the United States penitentiary in Marion from April 5, 1996 until October 4, 2005.

10.  After September 11, 2001, Muslims at U.S.P. Marion suffered much mistreatment by

2

guards and employees at the prison.

11.   This abuse included Marion employee Simmons abusing plaintiff by intentionally placing his Holy Qur'an on a floor stained with spit.

12.   Plaintiff Shaheed reported some of these acts of mistreatment to various authorities, including meeting with a Mr. Literal from the Chaplain department of BOP in October 2004.

13.   In May of 2005 agents from the Office of Inspector General of the United States Department of Justice came to the prison to investigate the allegations of mistreatment and met with plaintiff Shaheed.

14.   Defendant Officer Huckleberry was one of the persons who took plaintiff to the interview with the OIG in May 2005.

15.   In August of 2005, an OIG agent again interviewed plaintiff at USP Marion, concerning allegations of mistreatment and retaliation against him.

16.   On September 6, 2005, Lieutenant Mash intentionally humiliated plaintiff by telling him to put his arms out and then violently put his hands on plaintiff's head, where he was wearing his Kufi, his religious head-covering, and Mash squeezed his Kufi in an obvious attempt to insult plaintiff's religion.

17.   Plaintiff reported this abuse to the officials within the prison, including defendant Associate Warden Rau, and to the OIG and the Bureau of Prisons, including to defendant Regional Director Nalley.

18.   Defendant Warden Davis was aware of the abuse which had been reported by plaintiff Shaheed.

19.  Prior to October 3, 2005, defendants Nalley, Davis and Rau were aware that plaintiff had reported that he had been abused by guards at Marion on account of his religion and because Marion guards and/or staff believed that he was cooperating in OIG and/or BOP investigations into the conduct of guards and staff at Marion.

20.  Prior to October 3, 2005, defendants Nalley, Davis and Rau knew that plaintiff Shaheed faced a serious risk of harm and failed to take reasonable steps to protect him, even though each of them had a duty to do so.

21.  On and before October 3, 2005 the defendants described in paragraph 5 above were aware that plaintiff had reported  to the OIG and to other governmental officials and agencies the mistreatment of Muslims generally and that he had been mistreated, and that he had met with agents of the OIG and was cooperating with the investigation by the OIG into the harassment, mistreatment and abuse of Muslim prisoners.

22.  On October 3, 2005, in retaliation for plaintiff's cooperation with the investigation by the OIG and to punish him for complaining about the various abuses committed on him and other Muslims, various Marion prison guards and employees determined to torture and otherwise physically and mentally abuse plaintiff.

23.  On that day, several guards came to plaintiff's cell, seized him, struck him, handcuffed plaintiff's hands behind his back, shackled his ankles and took him to the prison hospital.

24.  At the hospital, Marion prison employees threw plaintiff onto a gurney.

25.  Defendants Lieutenant Sample and Lieutenant Barry then punched plaintiff in the

4

face multiple times and left.

26. John Doe 1 then came over to plaintiff, placed a baton on his facial bones, and began to grind the baton into the side of his head with all his weight while John Does 2, 3 and 4 held plaintiff down.

27. During this abuse, PA Welch assisted John Does 1, 2, 3 and 4 by indicating areas on plaintiff's body that they should target.

28. During this abuse, plaintiff involuntarily screamed, and Dr. Lyle came over to examine him.

29. Plaintiff requested that Dr. Lyle intervene to stop the abuse, but Dr. Lyle refused to do so and walked away even though he knew about the abuse and had the duty and ability to stop it.

30. Defendant Trovillion then came over and said to plaintiff, "If you don't shut up we're going to kill you."

31. John Doe 1 continued to grind the baton into plaintiff's head and face, hit him with the baton, and shoved the baton into plaintiff's mouth, ripping his gums and causing him to gag.

32. PA Welch then lifted plaintiff's T-shirt, and an unidentified person hit plaintiff in that area with a baton.

33. PA Welch had a duty and the ability to intervene to stop the abuse of plaintiff but he failed to do so.

34. John Doe 1 then ordered John Does 2, 3, and 4 to turn plaintiff over, and John Doe 1 began to grind the baton into his head and face on the other side.

35. When plaintiff again screamed with pain, Dr. Lyle again came over but again refused

to intervene, despite plaintiff's pleas to him to do so.

36.   Various persons, including John Does 1, 2, 3 and 4 then turned plaintiff face down and began to grind the baton into his spine and ram the stick into his rectal area, over his pants.

37.   Captain Gomez came over to plaintiff who pleaded for help, but Gomez just shouted, "fuck you," and walked away.

38.   Captain Gomez had a duty and the ability to intervene to stop the abuse of plaintiff but he failed to do so.

39.   Mr. Rivas was also in the area and was aware that various guards were abusing plaintiff, but he failed to intervene to stop the abuse, even though he had a duty and the ability to do so.

40.   Various guards, including John Does 1, 2, 3, and 4, then turned plaintiff onto his back and continued to beat and abuse him.

41.   John Does 3 and 4 began to bend and twist plaintiff's toes, and John Doe 3 put a chain over one of plaintiff's toes and yanked it extremely hard, but the chain slipped off.

42.   Defendant Huckleberry then came over and struck plaintiff with a baton.

43.   Defendant officer Thomas then came over but refused to intervene to stop the physical abuse of plaintiff.

44.   Defendant Trovillion then took plaintiff's blood pressure, and PA Welch and others took him to the dentist's office to x-ray his jaw.

45.   Plaintiff was then taken to another room where officer Thomas and Mr. Shawdoen bent him over a gurney.  Shawdoen then stuck him with something that felt like a needle, said "I

bet he likes this position," and Thomas placed a baton between plaintiff's cuffed arms and twisted it, causing plaintiff to lift up.

46.  Shawdoen then stamped on the ankle shackles, causing the metal to cut into plaintiff's ankles, and then both Shawdoen and Thomas threw plaintiff face down on the gurney.

47.  Shawdoen and Thomas then observed that plaintiff's wrists were bloody from the cuffs which had been placed tightly around his wrists.

48.  Thomas then slapped his stick into his open palm, saying, "Shaheed, you're lucky I wasn't there; you don't want to mess with these rednecks around here, they'll kill you."

49.  Thomas then picked up a telephone and said, "send me some guys with no hearts," and said to plaintiff, "This is going to be the longest walk of your life."

50.  Five persons, John Does 5, 6, 7, 8 and 9, their identities completely concealed and not wearing name tags, then appeared in dark blue jumpsuits with helmets and led plaintiff out of that area and down the hall.  As they did so John Doe 5 choked plaintiff from behind, while John Doe 6 grabbed plaintiff's head and pushed it down, and John Doe 7 was behind plaintiff, stamping on his ankle shackles, while John Does 8 and 9 failed to intervene.

51.  John Does 5, 6, 7, 8 and 9 took plaintiff to the special housing unit, taking turns hitting him and otherwise abusing him, and then placed him on a concrete pad with his hands cuffed over his head while they continued to abuse him.

52.  PA Castillo was present during this abuse in the special housing unit and failed to intervene to prevent or stop it, despite having a duty and the ability to do so.

53.  John Does 5, 6, 7, 8 and 9 and PA Castillo left plaintiff in this position for an

extended period of time, causing him to lose all sensation in his hands, and his feet to swell up.

54.  During this time plaintiff continually cried out that he was in pain and that the handcuffs had been deliberately closed too tightly, cutting into his wrists.

55.  Defendants Sample and Trovillion eventually came to inspect plaintiff and repositioned his handcuffs and ankle shackles.  Sample punched plaintiff a few times, and left the cell, leaving plaintiff shackled and unable to move.

56.  Next day, plaintiff was taken out of the cell by guards who said they were going to take him back to the hospital.

57.  Plaintiff was terrified that the guards were going to torture him again.  He was placed in a room in the basement of the hospital, where Marion staff members kept walking past the cell, staring at plaintiff, and saying that certain unidentified persons would be there soon.

58.  Eventually, a lieutenant whom plaintiff had never seen before, came up to plaintiff's cell and said he was from U.S.P. Terre Haute.

59.  Plaintiff was removed from Marion in a wheelchair because he was unable to walk properly because of the pain from the torture and abuse.

60.  Plaintiff was then taken to Terre Haute prison, where he was housed on death row so as to place him in a highly secure environment where he would be protected from attacks by guards.

61.  The defendants set forth in paragraph 5 above, acting jointly and with other currently unknown persons, reached an understanding, engaged in a course of conduct, engaged in joint action, and otherwise conspired among and between themselves to deprive Mr. Shaheed of his

constitutional rights, and did deprive him of those rights, including his right to free speech and to practice his religion under the first amendment to the United States Constitution, and his right not to be subjected to cruel and unusual punishment under the eighth amendment to the United States Constitution.  Because said actions were done with the knowledge and purpose of depriving Mr. Shaheed, who is a practicing Muslim, of the equal protection of the laws and/or equal privileges and immunities under the law, they also deprived him of his right to equal protection of the laws under the fifth amendment to the United States Constitution.

62.  One purpose of this conspiracy was to retaliate against plaintiff for the complaint that he had filed against Lieutenant Mash in relation to the September 6, 2005 incident as set forth above.

63.  As a direct and proximate result of these defendants' actions, as detailed above, plaintiff Hakeem Shaheed suffered serious physical injuries, as well as great physical pain and mental distress which continues to this day.

64.  On or about September 25, 2007, plaintiff filed a Notice of Claim with the Federal Bureau of Prisons and the United States Justice Department.

65.  On May 1, 2007 the Federal Bureau of Prisons denied plaintiff's claim.

**COUNT I**
**[Eighth Amendment and 42 U.S.C. § 2000dd-0 Claim]**

66.  Plaintiff realleges paragraphs 1-65.

67.  The actions of the defendants named in paragraph 5 above, in torturing, beating and abusing plaintiff and/or failing to intervene to prevent the torture, beating and abuse by others violated plaintiff's eighth amendment right to be free from cruel and unusual punishment and 42

9

U.S.C. § 2000dd-0.

Wherefore, plaintiff requests compensatory damages against all the defendants set forth in paragraph 5 above, and because these defendants acted maliciously, willfully, wantonly, and/or with reckless disregard for plaintiff's constitutional rights, for punitive damages, plus the costs of this action, attorney fees and such other relief as this Court deems equitable and just.

## COUNT II
### [Eighth Amendment and 42 U.S.C. § 2000dd-0 Failure to Protect Claim]

68.  Plaintiff realleges paragraphs 1-67.

69.  The defendants named in paragraphs 3 and 4 above were aware prior to October 3, 2005 that plaintiff Shaheed had reported abuse against Muslim prisoners and abuse against him, were aware that he had been the subject of retaliation by various prison guards and/or staff at Marion, and were aware that he faced a serious risk of harm but were deliberately indifferent to this harm and failed to take reasonable steps to protect him although they had a duty to do so.

Wherefore, plaintiff requests compensatory damages against all the defendants set forth in paragraphs 3 and 4 above, and because these defendants acted maliciously, willfully, wantonly, and/or with reckless disregard for plaintiff's constitutional rights, for punitive damages, plus the costs of this action  and such other relief as this Court deems equitable and just.

## COUNT III
### [First Amendment Claim, Freedom of Speech and to Petition for Redress of Grievances]

70.  Plaintiff realleges paragraphs 1-69.

71.  The actions of the defendants named  in paragraph 5 above in torturing, beating and abusing plaintiff in retaliation for his making complaints about the treatment of Muslim prisoners at Marion and talking to governmental agents about the abuse of Muslim prisoners violated

plaintiff's first amendment right to freedom of speech and to petition the government for redress of grievances.

Wherefore, plaintiff requests compensatory damages against all the defendants named in paragraph 5 above, and because these defendants acted maliciously, willfully, wantonly, and/or with reckless disregard for plaintiff's constitutional rights, for punitive damages, plus the costs of this action and such other relief as this Court deems equitable and just.

## COUNT IV
### [First Amendment Claim, Freedom of Religion]

72.  Plaintiff realleges paragraphs 1-72.

73.  The actions of the defendants named in paragraph 5 above in torturing, beating and abusing plaintiff and/or failing to intervene to stop the torture, beating and abuse by others, because plaintiff was a Muslim violated plaintiff's first amendment right to freedom of religion.

Wherefore, plaintiff requests compensatory damages against all the defendants set forth above in paragraph 5, and because these defendants acted maliciously, willfully, wantonly, and/or with reckless disregard for plaintiff's constitutional rights, for punitive damages, plus the costs of this action and such other relief as this Court deems equitable and just.

## COUNT V
### [Violation of 42 U.S.C. § 2000cc-1]

74.  Plaintiff realleges paragraphs 1 through 73.

75.  The actions of the defendants named in paragraphs 3, 4 and 5 above imposed a substantial burden on plaintiff's right to practice his religion, in violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1.

Wherefore, plaintiff requests compensatory damages against all the defendants set forth

above, and because these defendants acted maliciously, willfully, wantonly, and/or with reckless disregard for plaintiff's constitutional rights, for punitive damages, plus the costs of this action, attorney fees and such other relief as this Court deems equitable and just.

**COUNT VI**
**[Fifth Amendment Equal Protection Claim]**

76.  Plaintiff realleges paragraphs 1 through 7<u>5</u>.

77.  The actions of the defendants named in paragraph 5 above in torturing, beating and abusing plaintiff and/or failing to intervene to stop the torture, beating and abuse by others were done because the plaintiff was a Muslim and because he had complained about the mistreatment of Muslim prisoners on account of their religion, and these actions thereby violated plaintiff's right to equal protection of the laws, as set forth in the fifth amendment to the United States Constitution.

Wherefore, plaintiff requests compensatory damages against all the defendants set forth above, and because these defendants acted maliciously, willfully, wantonly, and/or with reckless disregard for plaintiff's constitutional rights, for punitive damages, plus the costs of this action and such other relief as this Court deems equitable and just.

**<u>COUNT VII</u>**
**<u>[Claim under the Federal Tort Claims Act for Hate Crimes]</u>**

78.  Plaintiff realleges paragraphs 1 through 7<u>7</u>.

79.  The actions of the individual defendants set forth above constitute hate crimes under the laws of the State of Illinois (720 ILCS 5/12-7.1).

80.  The acts of the defendants which constituted hate crimes were performed by each of the individual defendants in the course and scope of his or her employment.

Wherefore, plaintiff requests compensatory damages against the United States, plus the costs of this action  and such other relief as this Court deems equitable and just.

## COUNT VIII
### [Claim under the Federal Tort Claims Act for Battery]

81.  Plaintiff realleges paragraphs 1 through 80.

82.  The actions of the individual defendants set forth above constitute battery under the laws of the State of Illinois.

83.  The acts of the defendants which constituted battery were performed by each of  the individual defendants in the course and scope of his or her employment.

Wherefore, plaintiff requests compensatory damages against the United States, plus the costs of this action  and such other relief as this Court deems equitable and just.

## COUNT IX
### [Claim under the Federal Tort Claims Act for Assault]

84.  Plaintiff realleges paragraphs 1 through 83.

85.  The actions of the individual defendants set forth above constitute assault under the laws of the State of Illinois.

86.  The acts of the defendants which constituted assault were performed by each of  the individual defendants in the course and scope of his or her employment.

Wherefore, plaintiff requests compensatory damages against the United States, plus the costs of this action  and such other relief as this Court deems equitable and just.

## COUNT X
### [Claim under the Federal Tort Claims Act for Intentional Infliction of Emotional Distress]

87.   Plaintiff realleges paragraphs 1 through 86.

13

88.  The actions of the individual defendants set forth above constitute intentional infliction of emotional distress under the laws of the State of Illinois.

89.  The acts of the defendants which constituted intentional infliction of emotional distress were performed by each of the individual defendants in the course and scope of his or her employment.

Wherefore, plaintiff requests compensatory damages against the United States, plus the costs of this action and such other relief as this Court deems equitable and just.

## COUNT XI
### [Claim under the Federal Tort Claims Act for Conspiracy]

90.  Plaintiff realleges paragraphs 1 through 89.

91.  The actions of the individual defendants set forth above constitute conspiracy under the laws of the State of Illinois.

92.  The acts of the defendants which constituted conspiracy were performed by each of the individual defendants in the course and scope of his or her employment.

Wherefore, plaintiff requests compensatory damages against the United States, plus the costs of this action and such other relief as this Court deems equitable and just.

Dated: June 10, 2008                    Respectfully Submitted,

                                        /s/ John L. Stainthorp
                                        John L. Stainthorp
                                        People's Law Office
                                        1180 N. Milwaukee
                                        Chicago, IL 60622
                                        773 235 0070
                                        Stainthorp@aol.com
                                        Attorney for Plaintiff

**Plaintiff Demands Trial by Jury on All Counts Except FTCA Claims**

14

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Hakeem Shaheed,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | **No. 07-679-MJR** |
| **vs.** | **)** | |
| | **)** | **Judge Michael J. Reagan** |
| **Michael K. Nalley, et al.** | **)** | |
| | **)** | **Magistrate Judge Donald Wilkerson** |
| **Defendants.** | **)** | |

## CERTIFICATE OF SERVICE

To:     Counsel of Record

　　　　Please take notice that on July 23, 2008 I filed with the Clerk of the United States District Court for the Southern District of Illinois the attached First Amended Complaint, a copy of which is hereby served upon you via the court's ECF system.


/s/ John L. Stainthorp
John L. Stainthorp

15