IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HAKEEM SHAHEED, )
)
    Plaintiff, )
)
v. ) Case No. 3:07-cv-679 MJR
)
MICHAEL K. NALLEY, et al., )
)
    Defendants. )
)
)

**ORDER**

Currently pending before the Court is Plaintiff's Motion for Entry of HIPAA Protective Order (Doc. 86). Pursuant to SDIL-LR 7.1(g), Defendants had ten days in which to respond to Plaintiff's motion. That ten-day period has expired, and Defendants have not filed a response in opposition to the motion.[1]

Rule 26 of the Federal Rules of Civil Procedure permits litigants to seek an order to protect discoverable, yet confidential, material from public disclosure. The parties stipulate that confidential information in this case will be used only for the purposes of this litigation, and that a protective order will secure protected information from unauthorized disclosure. The Court finds that good cause exists for issuance of an order permitting limited disclosure of such information, and that entry of the proposed protective order is appropriate pursuant to Federal Rules of Civil Procedure 26(c). The Court, being fully advised and having determined that good cause exists for entry of a protective order, **GRANTS** the motions.

---

[1] Under the local rule, the Court, in its discretion, may consider failure to respond to a motion an admission of its merits.

**THEREFORE, IT IS HEREBY STIPULATED AND ORDERED:**

A. The following words and terms are defined as follows for purposes of this Agreed Protective Order:

    1. "Parties" shall mean the plaintiff and the defendants in this action and any additional party that this Court may subsequently recognize as subject to this protective order, and their attorneys.

    2. "HIPAA" shall mean Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C. (2002).

    3. "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2000).

    4. "PHI" shall mean Protected Health Information, as that term is used in HIPAA and the Privacy Standards. "PHI" includes, but is not limited to, health information, including demographic information, relating to either: (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; and/or c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

    5. Further, this Order is intended by the parties to be applicable to, and to protect, any document or information already disclosed by any party which falls within the above definition of PHI.

B. This Order governs all discovery related to the exchange or dissemination of information or the production of documents designated as PHI.

    1. The signatories shall be familiar with HIPAA and the Privacy Standards.

    2. The signatories recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI to or from other parties and non-parties.

C. The signatories will abide by the following terms and conditions:

    1. The signatories will not use or disclose the PHI released in this proceeding for any other purpose or in any other proceeding.

    2. The signatories will store all PHI while it is in their possession according to the Privacy Standards.

    3. The signatories shall, at the termination of this proceeding and upon written request, return all PHI obtained during the course of this proceeding to the attorney representing the person whose PHI was released during the course of this proceeding, and/or dispose of any PHI retained thereafter pursuant to the Privacy Standards.

4.  The signatories shall assist each other in the release of PHI by waiving all notice requirements that may otherwise be necessary under HIPAA and the Privacy Standards.

5.  Before disclosing PHI documents to any persons involved in the litigation, including but not limited to: counsel, co-counsel, counsel's staff, expert, or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the documents or information containing PHI to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order.

6.  No document containing PHI is to be filed with the Clerk of Court unless leave of court to file the particular document(s) is specifically granted by the Court.

**IT IS SO ORDERED.**

**DATED: June 3, 2009**

> s/ *Donald G. Wilkerson*
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**